**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **DONTRAYE POTTER,** ) | |
|     **ID #48740-177,** ) | |
|         **Movant,** ) | |
| vs. ) | **No. 3:17-CV-508-B (BH)** |
| ) | **No. 3:14-CR-368-B** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|         **Respondent.** ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (doc. 1), received on February 22, 2017, should be **DENIED** with prejudice.

**I.  BACKGROUND**

Dontraye Potter (Movant) challenges his federal conviction and sentence in Cause No. 3:14-CR-368-B.  The respondent is the United States of America (Government).

**A.     Plea and Sentencing**

On September 24, 2014, Movant was charged by indictment with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (count one); possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count two); using or maintaining drug involved premises in violation of 21 U.S.C. §§ 856(a)(2) and 2 (count three); possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count four); and possession of a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. §§ 924(c) and 2 (count five).  (*See* doc. 3.)[1]  He pled guilty to count one on February 3, 2015.  (*See* doc. 42.)

In the supporting factual resume, Movant admitted that on August 28, 2014, he conspired with another to sell cocaine to individuals at a house he maintained for the purposes of manufacturing and distributing illegal narcotics.  (*See* doc. 20 at 2.)  He and the other individual acquired cocaine, took it to the house, and sold it to individuals who visited the house.  (*Id.*)  They kept a firearm at the house to further their drug trafficking activities by protecting the drugs and the money obtained from drug sales.  (*Id.*) The factual resume was not intended to be a complete accounting of all of the facts related to the offense. (*Id.* at 3.)

In a plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, to not be compelled to incriminate himself, and to have the charges presented to the grand jury.  (*See* doc. 21 at 1.)  He understood the nature and elements of the crime and agreed that the factual resume was true.  (*See id*. at 1-2.)  The plea agreement set out the range of punishment and stated that he had discussed the federal sentencing guidelines with counsel and understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding.  (*See id*. at 2-3)  He had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty.  (*See id*. at 5-6.)  The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement.  (*See id*. at 5.)  He waived his right to contest his conviction and sentence in any direct appeal or collateral proceeding,

---

[1]  Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-368-B.

2

except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error, or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (*See id.*)  In exchange, the Government agreed not to bring any additional charges against him based on the underlying conduct and related to his guilty plea, and it agreed to dismiss the remaining charges in the indictment. (*See id.* at 4.)

On April 16, 2015, the United States Probation Office (USPO) filed a Presentence Report (PSR) in which it applied the 2014 United States Sentencing Guidelines Manual (USSG). (*See* doc. 29-1 at 10, ¶ 32.)  Because Movant was held accountable for the equivalent of 1,361.5 kilograms of marijuana, the PSR reflected a base offense level of 30 under USSG § 2D1.1(c)(5). (*See id.* ¶ 33.) Two levels were added because he possessed a dangerous weapon in furtherance of drug trafficking under USSG § 2D1.1(b)(1). (*See id.* ¶ 34.)  Another two levels were added because he maintained a premises for the purpose of manufacturing and distributing controlled substances. (*See id.* ¶ 35.) Two levels were added because he was an organizer, leader, manager, or supervisor in the criminal activity. (*See id.* ¶ 37.)  Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 33. (*See id.* at 11, ¶¶ 41-43.)  With a criminal history category of three, the resulting guideline range was 168-210 months of imprisonment. (*See id.* at 19, ¶ 77.)  On May 22, 2015, Movant was sentenced to 168 months' imprisonment. (*See* doc. 36 at 2.)  The appeal was dismissed as presenting no nonfrivolous issues. (*See* doc. 55); *United States v. Potter*, No. 15-10492 (5th Cir. Feb.17, 2016).

**B.     Substantive Claims**

Movant contends that counsel was ineffective for failing to:

3

      (1) seek the suppression of evidence obtained in the search;

      (2) object to the amount of drugs attributable to Movant;

      (3) object to the enhancement for his role as a leader or organizer; and

      (4) object to the sentencing disparity.

(3:17-CV-508-B, docs. 1, 5.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232.  However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003).  The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

4

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466

U.S. at 695-96.

To show prejudice in the sentencing context, a petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

**A.**  **<u>Suppression of Evidence</u>**

Movant contends that counsel failed to file a motion to suppress evidence seized during a search of the house. He claims that law enforcement officers had an arrest warrant for him and had information that he was in the house, and that they breached the door without knocking and announcing their presence.

The Fourth Amendment requires that law enforcement officers knock and announce their presence when seeking to serve a warrant. *See Hudson v. Michigan*, 547 U.S. 586, 589 (2006). Officer do not need to knock and announce when circumstances present a threat of physical violence, if officers have reason to believe that evidence would be destroyed if the officers knocked and announced their presence, or if knocking and announcing would be futile. *See id*. at 589-90. If the suppression of evidence would not serve the interests protected by a constitutional guarantee

6

that has been violated, then the evidence is not excluded under the federal exclusionary rule. *See id.* at 593. The knock and announce rule protects interests other than the prevention of the government from seeing or taking evidence, such as a protection against violence from a surprised resident, the avoidance of destruction of property, and the opportunity to get dressed or otherwise collect oneself before answering the door. *See id.* at 593-94. The interests protected by the knock and announce rule "do not include the shielding of potential evidence from the government's eyes." *Id.* at 593. The federal exclusionary rule, therefore, does not apply to a violation of the knock and announce rule. *See id.* at 594.

 Here, a Dallas police detective testified at sentencing that a task force was investigating a group of individuals involved in drug dealing, including Movant, and there was an outstanding warrant for his arrest. The officers observed his house and saw people coming and going in a manner consistent with drug trafficking. One of the individuals leaving the house was stopped, and that person said that Movant was in the house. The officers went to the house and knocked and announced their presence, and when there was no response, they breached the front door with a metal cage over it. Movant and the coconspirator were in the house, and Movant was taken into custody. The officers saw drugs on a table. (*See* doc. 44 at 11-22.)

 Movant has not presented evidence contrary to the testimony that the officers knocked and announced their presence before forcing their way into the house when there was no response. Even if the officers violated the knock and announce rule, that was not a basis for suppressing the evidence obtained in the house. *See id.* Movant has not shown that counsel was ineffective for failing to file a motion to suppress. Counsel was not required to file a futile motion. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999); *see also Koch v. Puckett*, 907 F.2d 524, 527 (5th

7

Cir. 1990) ("counsel is not required to make futile motions or objections"). He has not shown that he is entitled to relief on this claim.

### B. Amount of Drugs

Movant contends that counsel failed to object to the amount of drugs attributable to Movant. He argues that the amount of drug money possessed by the coconspirator, and the drug equivalence of that money, should not have been attributed to him. He also argues that the amount of drugs attributable to him for sentencing purposes should have been limited either to the amount of cocaine that was seized in the house, which was .9 grams, or to the drug amount that was an element of the statute that he violated, which he asserts was 50 grams.

The drug quantity attributable to a defendant for sentencing purposes "includes both drugs with which the defendant was directly involved, and drugs that can be attributed to the defendant in a conspiracy as part of his 'relevant conduct' ... . Relevant conduct for conspiratorial activity is . . . 'all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity.'" *United States v. Lopez*, 582 F. App'x 438, 450 (5th Cir. 2014) (quoting *United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994)). Accordingly, the drug money in the conspirator's possession was attributable to Movant as relevant conduct. *See id.* The total amount of drugs attributable to Movant as relevant conduct included the amount of drugs sold during the conspiracy, the amount of drugs found in the house, and the amount of drug proceeds found in the house, after being converted to drug equivalents. There was no agreement limiting the amount of drugs for which Movant would be responsible for sentencing purposes. He has not shown that there was a basis for counsel to argue for lowering the amount of drugs attributable to him, or that he is entitled to relief on this claim.

### C.  Leadership Role

Movant contends that counsel failed to object to the sentence enhancement for his role as a leader or organizer.  According to the PSR, Movant rented and lived at the house that was used to traffic drugs, he installed a video system and back doorbell for drug sales, he was responsible for securing the drugs in the house, he allowed the coconspirator to reside there and keep a portion of the drug proceeds, and he recruited people to act as lookouts in exchange for food and drugs.  (*See* doc. 29-1 at 7, ¶ 21.)  Movant has not shown a basis for counsel to argue that Movant was not a leader or organizer or that he is entitled to relief on this claim.

### D.  Sentencing Disparity

Movant contends that counsel failed to argue that under 18 U.S.C. § 3553(a)(6) there was a disparity between his sentence and the sentence that the coconspirator received.  Among the sentencing factors a court considers is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  § 3553(a)(6).  Movant has not shown that the coconspirator was similarly situated to him.  *See United States v. Hollowell*, 492 F. App'x 484 (5th Cir. 2012) (no sentence disparity where defendant failed to show that codefendants were similarly situated to him).  Counsel raised the issue of a sentencing disparity. (*See* docs. 34; 44 at 25.)  The Court took that into consideration and determined that a sentence at the low end of the guideline range was appropriate and fair.  (*See* doc. 44 at 28.)  Because counsel argued the sentencing disparity, and Movant has not shown any other argument on the issue that counsel should have presented, he has not shown that he is entitled to relief on this claim.

## VI.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be

**DENIED** with prejudice.

**SIGNED on this 18th day of October, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE