IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONTRAYE POTTER, | ) | |
|    ID #48740-177, | ) | |
|       Movant, | ) | |
| vs. | ) | No. 3:17-CV-508-B (BH) |
| | ) | No. 3:14-CR-368-B |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|       Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's correspondence, received on December 11, 2018 (doc. 18). Based on the relevant filings and applicable law, the filing should be construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

**I. BACKGROUND**

On February 22, 2017, Dontraye Potter (Movant) filed a motion to vacate his federal sentence under 28 U.S.C. § 2255 on grounds that his attorney was ineffective before his plea and at sentencing. (*See* doc. 1.) On October 18, 2018, it was recommended that the § 2255 motion be denied. The recommendation was accepted, the motion was denied, and judgment was entered on December 10, 2018. (*See* docs. 16, 17.) The next day, a filing that was signed on December 4, 2018, was received and docketed. (*See* doc. 18.) It reiterates Movant's initial claims, appears to object to the recommendation, and also appears to raise a new claim that his plea was involuntary. (*See id.*)

**II. FED. R. CIV. P. 59(e)**

Because Movant's filing was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules

of Civil Procedure. *See Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)); *see also Campbell v. Schweitzer*, No. 1:16-CV-411, 2017 WL 4510619, at *1 (S.D. Ohio Oct. 10, 2017) (construing objections that were timely mailed prior to entry of judgment but received after judgment as motion to amend under Rule 59(e)).

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

### III.  INVOLUNTARY PLEA

Movant appears to argue for the first time that his plea was involuntary because he did not understand the charge or nature of a right being waived, and counsel did not explain that he was

2

admitting conduct that did not fall within the statute or explain relevant conduct.

As a preliminary matter, Movant does not argue or show that his new claim is based on an intervening change in controlling law, the availability of new evidence, or a manifest error of law or fact. *See Schiller*, 342 F.3d at 567. Nor has he explained why his claim could not "have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479. He has not shown a basis for relief under Rule 59(e). Even if he had shown why he could not have raised this claim before, he has not demonstrated entitlement to relief on the merits.

A plea of guilty waives a number of constitutional rights. *United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969). Consequently, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *Ruiz*, 536 U.S. at 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)); *accord Bousley v. United States*, 523 U.S. 614, 618 (1998) (a plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent'") (quoting *Brady*, 397 U.S. at 748). A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991).

"*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there

needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). Rule 11 of the Federal Rules of Criminal Procedure requires "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." *United States v. Vonn*, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." *Id.* at 78 (Stevens, J., concurring). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The Court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993) (recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." *Id.* at 627.

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fischer v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady*, 397 U.S. at 749). Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v.*

4

*Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

As discussed in the recommendation, Movant represented in writing and orally under oath that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* No. 3:14-CR-368-B, doc. 21 at 1; doc. 42 at 5-6.) He understood the nature and elements of the crime and agreed that the factual resume was true. (*See* doc. 21 at 1-2; doc. 42 at 10, 16.) He understood the range of punishment and had discussed the federal sentencing guidelines with counsel and understood that the sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding. (*See* doc. 21 at 2-3; doc. 42 at 7-8, 14-15.) He had reviewed all legal aspects and facts of the case with counsel and believed that it was in his best interest to plead guilty. (*See* doc. 21 at 5-6; doc. 42 at 9.) The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement. (*See* doc. 21 at 5; doc. 42 at 10-11, 17.) He waived his right to contest his conviction and sentence in any direct appeal or collateral proceeding, except to bring a direct appeal challenging his sentence as either exceeding the statutory maximum punishment or having been calculated by way of an arithmetic error, or to challenge the voluntariness of his plea or waiver and to bring a claim of ineffective assistance of counsel. (*See* doc. 21 at 5; doc. 42 at 13.) In exchange, the Government agreed not to bring any additional charges against him based on the underlying conduct and related to his guilty plea, and it agreed to dismiss

the remaining charges in the indictment. (*See* doc. 21 at 4; doc. 42 at 12.)

Inmates who challenge their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). They must also overcome the presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

Movant has failed to overcome the presumption of veracity given to his sworn statements in open court, and the presumption of affording great evidentiary weight to court records. *See Blackledge*, 431 U.S. at 73-74. His sworn statements in open court and the plea documents contradict his claim of an involuntary plea. *See id*. Movant has not shown that his guilty plea was involuntary.

## IV.  OBJECTIONS

Movant's remaining objections to the recommended denial of his initial claims only reiterate the same grounds he initially raised in his § 2255 motion. As noted, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments." *Templet*, 367 F.3d at 479. He does not allege new evidence or a change in the law, and he has not demonstrated a manifest error of law or fact. Nor has he shown that his objections have merit. Movant has also not shown a basis for relief under Rule 59(e) on his remaining grounds.

## V. RECOMMENDATION

Movant's filing should be construed as a motion under Fed. R. Civ. P. 59(e) and **DENIED**.

**SIGNED on this 27th day of December, 2018.**

                                                  IRMA CARRILLO RAMIREZ
                                         UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                           UNITED STATES MAGISTRATE JUDGE